IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILIE WILLIAMS, A56081, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY WILLS, | ) | Case No. 22-cv-1364-DWD |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Willie Williams, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction to initiate the opening of this action (Doc. 1). The motion is now before the Court and, for the reasons stated below, the motion is denied.

First, this action has not been properly initiated. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. No complaint has been filed and the instant filing, if construed as a complaint, would be dismissed for failure to state a claim for relief. Under Federal Rule of Civil Procedure 8(a)(1), a Complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). To state a Section 1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal

involvement in the alleged constitutional deprivation"). Plaintiff does not make it clear that Anthony Wills is personally responsible for the issues he raises in his motion, instead he discusses other prison staff that are not listed as defendants. Thus, he has failed to state any viable claim against Defendant Wills.

Additionally, to the extent that Plaintiff wishes to raise claims against other prison employees, he has not properly included them because he did not list their names in the case caption. A complaint fails to state a claim against any individuals not identified as defendants in the case caption. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding pro se complaint failed to state a claim against individual mentioned in body of complaint but not specified in the caption).

Because there is no operative complaint stating a colorable claim against a defendant, Plaintiff fails to make a "clear showing" that he is entitled to injunctive relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A party seeking a TRO or preliminary injunction must make a threshold showing that: "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020). Plaintiff cannot show a reasonable likelihood of success on the merits where he has not stated a colorable claim against any defendant.

Further, injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit. *See e.g. Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019); *see also Devose v.*

*Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Again, there is no operative Complaint and, therefore, injunctive relief is not appropriate.

## Disposition

ACCORDINGLY, the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 1) is **DENIED** without prejudice. This action will be dismissed unless a complaint is filed within 30 days of the date of this Order. Further, with the filing of a complaint, the full filing fee of $402.00 must be paid or a Motion for Leave to Proceed In Forma Pauperis ("IFP motion") filed along with a certified copy of a Trust Fund Statement for the 6-month period immediately preceding the filing of this action. Failure to do so will result in dismissal of this action under Federal Rule of Civil Procedure 41(b). To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to send him a civil rights complaint form.

**IT IS SO ORDERED.**

Dated: July 1, 2022

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge